COWAN v. The JACMEL PACKET. See Case No. 7,154.

## Case No. 3,292.
### COWAN v. MAGAURAN.
[Wall. Sr. 66.] [1]

Circuit Court, D. Pennsylvania. May 20, 1801.

LIMITATIONS OF ACTION—ACKNOWLEDGMENT OF DEBT.

1. A bare acknowledgment of a debt within six years, without any evidence of a promise or intention to pay, will take it out of the statute of limitations.

2. What amounts to an acknowledgment.

This was an action on an inland bill of exchange, brought to April sessions, 17: S. The defendant pleaded, 1st. Non assumpsit. 2nd. Payment. 3d. Non assumpsit infra sex annos. A verdict was taken for the plaintiff, subject to the opinion of the court on the following case.

The parties to the bill were, at the time of the transaction, resident in Ireland. On the 24th of July, 1788, one William Gibson drew the bill in question for £180 sterling, in favour of Cowan, the plaintiff, on Magauran, the defendant, payable 31 days after sight. The bill was accepted by Magauran on the 31st July, and on the 4th September following, protested for non-payment. Magauran came over to America some time in the year 1790, and has resided here ever since. Some short time previous to the issuing of the writ, which was on the 9th June, 1797, Robert Coleman having received from Cowan in Ireland a letter of attorney for the purpose, and the bill in question, called on Magauran and showed him the bill, and requested him to pay it. Coleman, in his evidence, stated, that on his showing the bill and demanding payment, Magauran seemed very much dis-

[1] [Reported by John B. Wallace, Esq.]

tressed, and said, "He never had property of Gibson's in his hands to pay it: that there were other bills on which his name was to a large amount; and even if he was to pay this, he would not be able to pay them; and requested Coleman for these reasons not to put it in suit, as he was going to Philadelphia and would consult his friends, and on his return would call and give an answer." Coleman assented to this. Magauran did call some weeks after on Coleman, but he being from home, Magauran left a note in writing, containing a declaration, "that he had taken advice, and found that by the laws of the country, he was not bound to pay the bill." Magauran did not deny his acceptance, and when he said there was no property of Gibson's in his hands, Coleman told him, "That was immaterial, for as he had accepted it, he must pay." The question was, whether the statute of limitations was avoided by the defendant's confession in this case.

Rawle & Ingersoll, for plaintiff.[2]

Admitting, that at the time of this conversation, the statute of limitations, if relied on by the debtor, would have prevented the recovery, and that the plea under it precluded all inquiry whether the debt existed or not; yet the debtor, by admitting the truth and existence of the debt in 1797, has lost the benefit of the statute. He admitted the debt; it stands revived; and his plea, that he did not promise within six years, is not true, for by acknowledging the existence of the debt, he admits himself bound to pay it—it is a constructive promise. There can be no doubt at this day, that an acknowledgment of the debt takes away the bar of the statute. The history of the adjudications is familiar to every lawyer. Andrews v. Brown (anno 1714) Fin. Prec. 385. In this case it was ruled, 1st, that where a debt was barred, and the debtor insolvent and dead, his executor, who was his brother, a long time after recovering a large sum of money due to the deceased, put out an advertisement in the Gazette, for all persons who had any debts owing from his brother, to come in, and make them out, and they should be paid; upon this general promise, Lord Chancellor King decreed payment of a note belonging to the plaintiff, and interest from the time of the bill brought.

2nd. In this case, it was clearly held, that if a man has a debt due to him by note or a book debt, and has made no demand of it for six years, so that he is barred by the statute; yet if the debtor, after the six years, puts out an advertisement in the Gazette, or any other newspaper, "that all persons having any debts owing to them by him, will apply to

such a place, and they shall be paid;" this, (though it were general, and might be intended of legal subsisting debts only,) yet amounts to such an acknowledgment of that debt which was barred, as will revive the right, and bring it out of the statute again.

3d. So if, in that case, the debtor had made his will, and directed that all his debts should be paid, or made any provision for the payment of his debts in general; this likewise would revive such a debt, and bring it out of the statute, so that his executors would be liable to the payment of that debt among the rest.

4th. So if, after the six years, the debtor, upon application for that particular debt, acknowledges and promises payment, (for a bare acknowledgment has been ruled. not sufficient,) this revives the debt and brings it out of the statute; because, as the note itself was at first but an evidence of the debt, so that being barred, this acknowledgment and promise is a new evidence of the debt, and being proved, will maintain an assumpsit for recovery of it; and it was agreed, that a little matter would bring a debt out of the statute, being to restore a right. Thus stood the law in 1714; at which time, it seems, from the fourth resolution in this case of Andrews v. Brown [supra]. to have been ruled, that a bare acknowledgment of the debt did not amount to a promise to pay. But in 1760 (Yea v. Fouraker, 2 Burrows, 1099), it was ruled by Mr. Justice Noel, on the circuit, and confirmed by the king's bench, without argument, upon a motion for a new trial, that an acknowledgment of the debt, after the commencement of the action, takes it out of the statute of limitations.

GRIFFITH. Circuit Judge. The point of that determination seems to be, the acknowledgment after the action brought. It did not turn on the question of bare acknowledgment; and as the facts are stated by Buller. in his Nisi Prius (149), it appears the debt was on a note in which the defendant was surety, who, being applied to, said, "You know I had not any of the money myself, but am willing to pay half of it;" though Buller takes no notice of the promise being after the action. See Esp. N. P. 151, S. C. In Trueman v. Fenton (anno 1777), Cowp. 548, it is laid down, that if a man devises his estate for payment of his debts, a court of equity says, (and a court of law, in a case properly before them would say the same,) all debts barred by the statute shall come in, and share the benefit of the devise; because they are due in conscience; and the slightest acknowledgment will revive a promise at law. Lloyd v. Maund (anno 1788) 2 Term R. 760, where Ashhurst, Buller, and Grose, held. that any acknowledgment, even the slightest, was sufficient; and the only question seemed to be, whether the letter written to the attorney, contained "any acknowledgment at all of the existence of

---

[2] The counsel for the plaintiff intended to submit to the court. as one point of their argument, whether the plaintiff was barred by the statute, he residing beyond sea, and a replication of this kind had been made to the plea of the statute; but they thought it unnecessary, the other point being so strongly in their favor.

the debt;" not whether he promised payment; for that was not the point to be left to the jury, but merely the defendant's admission of the debt. The opinion of the three judges was, that a new trial should be granted, that the jury might decide whether the defendant, by the terms of the letter, did "admit or acknowledge the debt." Baillie v. Lord Inchiquin, 1 Esp. 435. The defendant had assigned his property; a creditor whose debt was of very long standing, applied to him for payment. He, without any express acknowledgment, much less promise, referred him to his trustee. This was held sufficient to take it out of the statute: and Lord Kenyon said, "If the plaintiff give any general evidence of acknowledgment, that it should be taken to apply to the debt in question, and that it should lie on the defendant to explain the promise so made, and show that it applied to some other demand." In this case, as in the former, the only question was, whether the letter amounted to an acknowledgment. Lawrence v. Worrall, Peake, 93. A bill was presented, and the debtor afterwards meeting the creditor, said, "What an extravagant bill you have sent me." Lord Kenyon held this to be an admission that some money was due, and took the debt out of the statute. 2 Bl. Comm. 307, by Christian, in his notes, that any acknowledgment of the existence of a debt takes it out of the statute, and the statute runs only from that time. In Whitcomb v. Whiting, 2 Doug. 652, it was held, in an action against one of several drawers of a joint and several promissory note, that payment of interest and part of the principal by another of the drawers, within six years, was sufficient to take the case out of the statute. Here was no acknowledgment by the party sued, much less a promise to pay; yet the court said, "Payment by one, is payment for all, the one acting virtually as agent for the rest; and, in the same manner, an admission by one, is an admission by all; and the law raises the promise to pay, when the debt is admitted to be due." They insisted that it was now too late to attempt a revolution in the law on this subject; that the constructions of the English judges had been universally received in all the state courts; that it was now the law of the land; and that there was no principle of policy or justice which called for an alteration; that the necessity of an express promise had long since been exploded, and held with the greatest reason, that when a man admits the debt, it would be contrary to the intent of the statute. and not within the mischief, to permit him to plead it in bar of the recovery. They denied that the plea of the statute of itself, admitted a debt; it was a mere allegation that the party did not assume within six years, which was true though he had never assumed; it was only by inference, a negative pregnant, that such admission could be assumed; and the ac-

knowledgment of the party that a debt existed, was a very different kind of admission of it, from that which could be collected from the common plea of nil debet infra sex annos.

Upon the evidence in this case, there is a complete admission of the debt. On the note being shown to the defendant, he appeared disturbed, and said, "he never had property of Gibson's (the drawer) to pay it." This was both admitting the acceptance, and accounting for his non-payment. He said "there were other bills on which his name was to a larger amount, and if he was even to pay this, he would not be able to pay them." He requested Coleman "not to put the note in suit, until he could consult his friends at Philadelphia, when he would give an answer;" his answer was, "that he was informed he was not bound to pay it," &c. From all this, the acknowledgment of the debt as unpaid, was incontrovertible. He did not deny his acceptance, nor pretend payment. The debt being admitted, the law raises the promise to discharge it, and that promise is within six years.

E. Tilghman and Mr. Lewis, for defendant, admitted that later cases went to make an acknowledgment of the debt, sufficient to take the case out of the statute; but that a bare acknowledgment of the original debt or instrument, was evidently not sufficient. It must be an acknowledgment of an existing debt, and made with some view of payment in whole or in part. They contended that the admission or conversation must be taken altogether, and must amount to either, 1st. An express or implied promise to pay; or, 2nd. An express or implied waiver of the statute.

1st. Here was no express promise, nor any implied admission of the demand as due in whole or in part. The defendant assigned his reasons why he ought not to pay, or could not pay; it is no matter whether or not they were available in law; he had a full right, upon any grounds which operated on his own mind as conscientious, to resist the payment, and to say, the law will protect me from defending myself at this time against the demand. The whole conversation amounts to this, "I doubt my liability. I cannot admit the demand. I will not pay until I know whether I shall be obliged. You must wait until I get advised. As soon as I can do this, you shall have my answer." The agent consents to this. His answer was, I will not pay; I am protected by law. This must be taken as the real amount of the acknowledgment in question. Then, 2nd. As to a waiver of the statute, there is nothing like it; on the contrary, he refuses payment; and that, with the express view of pleading a legal bar, if any existed. They contended, that a mere admission of the instrument or debt could never amount to a new promise, or waiver of the statute: that the plea did, in effect, admit the original promise, and relied, not on

payment, but mere length of time, as a bar. The declaration sets out a promise; the plea does not deny it, but asserts that he did not make the promise within six years. What difference, then, whether the debtor says in conversation, I admit the promise, but will not, or am not bound to pay it, or whether he plead it to the action? If the first is an acknowledgment, so is the last. The form of the plea, then, proves that a bare acknowledgment of the debt is no waiver of the statute, but the party may rely on the length of time. Bull. N. P. 148: "I acknowledge the receipt of the money, but the testatrix gave it to me;" this was held not sufficient to oust the statute, for the admission was not made with a view to pay. The defendant had a right in this case, to set up the length of time, to excuse himself from going into proof of the gift, after six years. So in the case at bar, he admits the paper, but says I ought not to pay; and why should he not have the protection of the statute after six years in this case? All the cases cited of acknowledgments, are either where the party admitted something due, or had a view to pay something; or where, though he denied any thing to be due, yet promised or was willing to pay, if the creditor could prove his demand. Cowp. 548: "Prove your debt, and I will pay you; I am ready to account, but nothing is due." 2 Term R. 760: "As to the matters between you and me, they will be rectified." Esp. 435: The creditor applied for payment; Lord Inchiquin says, "Go to my trustee;" this was an admission of the debt and a submission to pay. Peake, 93: "What an extravagant bill you have sent me." The word "extravagant" is relative; it admits something due, and, as Lord Kenyon says, a willingness to pay what was fairly due. In the case before the court, Magauran's conduct at the most, can only be taken to prove him once liable; not a particle of evidence as to present liability, or intention to pay, or to waive any legal protection, or permit an inquiry. They insisted that the policy of limitation was apparent, and that no further relaxation should be indulged, or the statute would become nugatory. 2 Burrows, 961; 2 Atk. 71; 1 Ld. Raym. 389; Salk. 421, 422; 2 Burrows, 957; 1 W. Bl. 287; Id. 355; 3 Term R. 124; Cowp. 215; general dicta on the policy of the statute, and the liberality with which it ought to be enforced.

On the cases which had been cited relative to general words in an advertisement, general expressions in a will, and general trusts for payment of debts, they observed that they were not applicable to the question now before the court; and they considered the law as advanced on those topics, to be very questionable; that Iredell, J., in the case of Barron v. Fell's Ex'rs [unreported], in the circuit court of the United States, after argument, was on the point of overruling the doctrine as relative to a will in which the testator directed his executors to pay his just debts. The determination in Blakeway v. Earl of Strafford [unreported] on a trust in a will, was reversed in the house of lords, and the plea of the statute ordered to stand for an answer.

BASSETT, Circuit Judge. My brethren will hold this matter under advisement; as I am going away, I wish to give my opinion now. I admit that the pleading of the statute is no disparagement to any man. But Lord Holt, when he said that, meant as I do, where the defendant was conscious, "that no debt existed." The policy of the statute was to prevent fraud and perjury, and to protect debtors and their estates from being ruined by stale and satisfied demands. But when fraud or perjury could not arise; when the party who is called upon cannot deny the debt; when he even admits its existence, and, as in this case, assigns a bad reason for nonpayment, namely, not having property of the drawer's in his hands: surely the mischief against which the statute was pointed cannot ensue, by enforcing the action. The law is settled; if a man acknowledge the debt, the law raises the promise.

Afterwards TILGHMAN, Chief Judge, in the absence of Judge BASSETT, after stating the case, delivered his opinion as follows:

In giving my opinion in this case, I hold myself bound by the decisions which have been made respecting the act of limitations. They are too numerous, and of too long standing, to be shaken at this day. But I have no hesitation in declaring that if the point were now to be decided for the first time, I should say, that where the act had once attached, an action could not be supported, without substantial evidence of a new assumption. The principle which has been established, I take to be this, that proof of an acknowledgment of an existing debt, within six years, is sufficient to justify the jury in finding an actual promise. In Whitcomb v. Whiting, 2 Doug. 652, Lord Mansfield lays down the position, "that the law raises the promise to pay, where the debt is admitted to be due." In that case, which was a separate action against one of several drawers of a joint and several note, the only evidence against the defendant, was, a partial payment within six years by one of the other drawers. In Hyleing v. Hastings, Ld. Raym. 421, 422, Holt, C. J., declared it to be the opinion of all the judges of England (except Lechmere) assembled at Serjeant's Inn, "that acknowledgment of a debt within six years, would not of itself amount to a promise, but that it was evidence of a promise." The same doctrine is advanced in 3 Bl. Comm. 307, (notes by Christian). In Lawrence v. Worrall (32 Geo. III.) Peake, 93, the defendant on receiving the plaintiff's bill within six years, only said, "What an extravagant bill you have sent me." There

are other cases cited by the counsel on the argument, which I forbear to repeat, establishing the same principle.

The defendant's counsel made an ingenious position, which, if they could have supported it by authority, would have turned the case in their favor. It was this; that there must not only be evidence of an acknowledgment of an existing debt, but also of an intention to pay it; and in support of this principle they cited Bull. N. P. 148, where the defendant said, "I acknowledge the receipt of the money, but the testatrix gave it to me." This was not sufficient to take the case out of the statute. Certainly it was not; for here was no acknowledgment of a debt: on the contrary, it was an assertion that there never was a debt, but only a gift of money. I think, therefore, that this position is unsupported by any adjudged case, and it is certainly contrary to many of the cases where the statute has been avoided without the defendant's having expressed the most distant intention to pay the money.

Let us now apply the legal principle to the case before us. The defendant said, he never had property of Gibson's; this was no denial of the debt, but only a representation of the hardship of being obliged to pay it. But he went on and said, "that there were other bills on which his name was, and even if he was to pay this, he could not pay all." Now, if this was not an express acknowledgment, it was so very like one, that the jury without straining, might have construed it to amount to one. It is true, the defendant did afterwards request time to give an answer, and was indulged with it. But this cannot take off the force of a prior acknowledgment made in the same conversation. You shall take a man's confession all together; but if he once acknowledges the debt, it is sufficient; and his afterwards asking time to give an answer, will not destroy the evidence arising from the acknowledgment. Upon the whole I am of opinion, that consistently with established principles, the jury might have found for the plaintiff. Judgment for the plaintiff.